UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WARREN HOWE,

        Plaintiff,                              Case No. 25-cv-10213

v.                                           Honorable Susan K. DeClercq
                                                United States District Judge
JOHN DOE,

                                                Honorable David R. Grand
       Defendant.                         United States Magistrate Judge
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 33), ADOPTING REPORT AND RECOMMENDATION (ECF No. 30), AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT OR IN THE ALTERNATIVE JUDGMENT ON THE PLEADINGS (ECF. No. 16)**

      This matter is before the Court on Plaintiff Thomas Warren Howe's objections to the magistrate judge's report and recommendation (R&R) denying his motion for default judgment, or in the alternative, judgment on the pleadings. As explained below, Plaintiff's objections will be overruled, the R&R will be adopted, and Plaintiff's motion for default judgment, or in the alternative, judgment on the pleadings, will be denied.

## I. BACKGROUND

      Plaintiff filed a Complaint against Defendant First American Title Agency on January 23, 2025. ECF No. 1. Despite Defendant filing an Answer on April 1, 2025, ECF No. 8, Plaintiff filed a motion for default judgment, or alternatively, judgment

on the pleadings, on April 13, 2025. ECF No. 16. Plaintiff argued that Defendant's Answer was deficient and therefore constituted a failure to defend. *Id.*; *see also* ECF No. 17 (Supplemental Brief). Alternatively, Plaintiff argued that he was entitled to judgment on the pleadings. ECF No. 16. Pursuant to 28 U.S.C. §636(b), all pretrial matters were referred to Magistrate Judge David R. Grand. ECF No. 13.

On June 6, 2025, Judge Grand issued an R&R recommending that Plaintiff's motion be denied. ECF No. 30. The R&R provided notice to the parties that they could file objections within 14 days of being served with the R&R, which established an objection deadline of June 20, 2025. *Id*. Plaintiff, however, did not file objections to the R&R until July 13, 2025, claiming that he had not received electronic notification of the R&R. ECF No. 33.[1] It is unclear when, or how, Plaintiff became aware of the R&R, but given that Plaintiff is proceeding *pro se*, this Court will nonetheless consider Plaintiff's objections,[2] despite the fact they were untimely

---

[1] Plaintiff claimed that he had not received *any* electronic notifications since May 27, 2025, which presumably includes the R&R. ECF No. 33 PageID.87.

[2] However, to the extent that as part of his objections, Plaintiff requests a 60-day extension for filing "responses to Defendants' (sic) Motion to Dismiss and any other pending or future motions, to account for the lost time due to the absence of PACER notifications," such a request is improper under Local Rule 7.1(i) which directs that "motions must not be combined with any other stand-alone document." Accordingly, this Court will not address it here. Should Plaintiff wish to pursue this request, he must file a motion the complies with the Federal Rules of Civil Procedure and the Local Rules of this District.

filed. Anticipating this Court's consideration of Plaintiff's untimely objections, Defendant filed a Response to Plaintiff's Objections. ECF No. 37.

## II. LEGAL STANDARD

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017–18 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

## III. ANALYSIS

This Court has reviewed Plaintiff's complaint, ECF No. 1; Defendant's Answer with Affirmative Defenses, ECF No. 8; Plaintiff's Motion for Default Judgment, ECF No. 16, and its accompanying briefings, ECF Nos. 17, 25, Defendant's response to the motion, ECF No. 19; Plaintiff's reply, ECF No. 24; Magistrate Judge Grand's R&R, ECF No. 30; Plaintiff's Objection to the R&R, ECF No. 33; Defendant's Response to Plaintiff's Objection, ECF No. 37, and all other applicable filings and law.

Having conducted this *de novo* review, this Court finds that Judge Grand's factual conclusions are reasonably correct, that he reasonably applied the correct law, and that his legal reasoning is sound. And there are no prejudicial clear errors in Judge Grand's findings or recommendation to deny plaintiff's request for both a default judgment and judgment on the pleadings. *See* ECF No. 30.

In sum, Plaintiff's objections will be overruled and Judge Grand's R&R will be adopted.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 33, are **OVERRULED**.

Further, it is **ORDERED** that the Report and Recommendation, ECF No. 30, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's Motion for Default Judgment, or in the Alternative, Judgment on the Pleadings, ECF No. 16, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 7, 2025