UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WARREN HOWE,

               Plaintiff,

v.

FIRST AMERICAN TITLE
AGENCY,

               Defendant.

_____/

Case No. 2:25-cv-10213

Honorable Susan K. DeClercq
United States District Judge

Honorable David R. Grand
United States Magistrate Judge

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 54),
ADOPTING REPORT AND RECOMMENDATION (ECF No. 52),
GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART
DEFENDANT'S MOTION TO DISMISS (ECF No. 31), AND DENYING
WITHOUT PREJUDICE DEFENDANT'S MOTION TO STRIKE, ENJOIN,
AND SANCTION (ECF No. 57)**

This case concerns the sale of a house involved in a trust dispute. Before this Court is Magistrate Judge David R. Grand's Report and Recommendation ("R&R"), ECF No. 52, which recommends that this Court partially grant Defendant First American Title Insurance Company's Motions to Dismiss, ECF No. 31. Plaintiff Thomas Warren Howe objects to the R&R. ECF No. 54. As explained below, Howe's objections will be overruled and Judge Grand's R&R will be adopted.

# I. BACKGROUND

In January 2025, Howe filed suit against First American Title Agency, alleging that a series of fraudulent and/or negligent acts by his brother, a Genesee County Probate Court judge, a court-appointed trustee (Kraig Sippell), various attorneys, and First American itself culminated in a "fraudulent sale" of his mother's home that deprived him of his rights and interest in the property. *See generally* ECF No. 1. The claims against First American center on its role in providing title insurance and closing services in connection with that sale to third-party purchasers. *Id.* Howe's complaint asserts two counts under 42 U.S.C. § 1983 and a number of state law claims.[1] The case was referred to Magistrate Judge Grand for all pretrial proceedings.

In June 2025, First American moved to dismiss, arguing that Howe's sole remaining federal claim—an alleged violation of his due process rights under § 1983—warranted dismissal under Federal Rule of Civil Procedure 12(b). ECF No. 31. Howe opposed the motion. ECF No. 34. On October 27, 2025, Magistrate Judge Grand issued a Report and Recommendation recommending that the motion be granted in part. Specifically, Judge Grand recommended dismissal of Howe's § 1983 claims on the ground that First

---

[1] This Court previously dismissed Howe's claims brought under federal criminal statutes. *See* ECF No. 41 ("18 U.S.C. §§ 241, 242, and 1343 do not provide independent civil causes of action.").

American is not a state actor and therefore cannot be held liable under that statute, while declining to recommend dismissal of the remaining state law claims. ECF No. 52. Howe filed objections, and First American responded. ECF Nos. 54, 56. Shortly thereafter, First American filed a motion to strike exhibits submitted in connection with Howe's objections, to enjoin Howe from making additional filings, and for sanctions. ECF Nos. 57, 58.

## II. LEGAL STANDARD

A party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If a party objects, then "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Id.* at 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). And Parties may not "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When a party objects to an R&R, the court must review *de novo* those portions of it to which Plaintiff has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). If the court will adopt the R&R, then it may simply "state that it engaged in a de novo review of the record and adopts the [R&R]" without "stat[ing] with specificity what it reviewed." *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURe § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *e.g.*, *Hereford v. Warren*, 486 F. Supp. 2d 659, 660–61 (E.D. Mich. 2007), *rev'd and remanded on other grounds*, 536 F.3d 523 (6th Cir. 2008).

## II. ANALYSIS

### A. Howe's Objections to the Report and Recommendation (ECF No. 52)

*1. Objections I, II, and IX – Characterization of Plaintiff's Complaint, Recitation of Procedural Background, and Sentence-by-Sentence Rebuttal*

- 4 -

Howe's objections to the R&R's factual and procedural recitations are improper and will be overruled because they are general disagreements with the Magistrate Judge's characterization of the factual background.

For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to "specify the part of the order, proposed findings, recommendations, or report to which [the party] objects" and to "state the basis for the objection." *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). An objection that is vague or disputes only the general correctness of the R&R does not satisfy this requirement. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). An objection must do more than re-argue the facts or express dissatisfaction with the narrative framing of the case; it must show that the purported error affected the outcome of the analysis. *See id*. These principles reflect the practical function of the objection requirement: to focus the district court's *de novo* review on specific errors rather than broad disagreements with how a magistrate judge has summarized the record.

In these objections, Howe argues that the R&R mischaracterizes and minimizes the detailed allegations of fraud and conspiracy supported by "First American's reliance on fraudulent documents and coordination with state actors." ECF No. 54, PageID.1165. Howe also takes issue with the procedural background recitation because it "overlooks that the remaining § 1983 claim provides a valid

private cause of action for due process violations." *Id.* at PageID.1166. Further, Howe offers a sentence-by-sentence rebuttal of the first three pages of the R&R's background recitation. *Id.* at PageID.1172–79. But none of these objections identifies a factual error that altered the Magistrate Judge's legal analysis. Howe simply re-states the facts as he views them and supplements them with additional assertions; he does not explain how any alleged mischaracterization of the background affected the R&R's conclusion that First American is not a state actor subject to § 1983 liability. His sentence-by-sentence rebuttal is precisely the kind of general disagreement with narrative framing that *Miller* forecloses.

Because Howe has not identified any material factual error that would change the disposition of his § 1983 claim, Objections I, II, and IX are overruled. *Miller*, 50 F.3d at 380.

### 2. Objections III and IV – Rooker-Feldman and Collateral Estoppel

Howe's objections to the R&R's discussion of the *Rooker-Feldman* doctrine and collateral estoppel will be overruled because they fail to address the reasoning that actually supports the R&R's recommendation.

A proper objection must target the factual and legal issues "that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). An objection directed at ancillary recitations rather than the grounds for the

recommended disposition does not satisfy this requirement and need not detain the Court. *See Miller*, 50 F.3d at 380.

The R&R does not recommend dismissal of Howe's § 1983 claim on *Rooker-Feldman* or collateral estoppel grounds. It merely recounts those arguments as part of its summary of First American's motion. *See* ECF No. 52 at PageID.1105, 1107. The R&R's actual basis for recommending dismissal is that First American is not a state actor within the meaning of § 1983. *Id.* at PageID.1107.

Because the R&R does not rest on either doctrine, Howe's objections to the R&R's references to them do not implicate any issue that bears on the recommended outcome. They are therefore directed at the wrong target and fall outside the scope of proper objections under *Thomas* and *Miller*. Accordingly, Objections III and IV are overruled.

### 3. Objection V – Lack of State Action

Howe objects to the Magistrate Judge's finding that First American is not a state actor within the meaning of § 1983. Upon *de novo* review, this Court agrees with Judge Grand's analysis and will overrule the objection.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a federally protected right. The Sixth Circuit evaluates whether a private party's conduct is attributable to the state under one of three tests: the nexus test, the public function test, or the compulsion test.

*Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). An objection that merely restates facts and arguments already presented to the magistrate judge does not warrant relief. *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)).

None of the three state-action tests is satisfied here, and Howe's objection largely recycles arguments Judge Grand already considered and rejected.

First American is a private title insurance company that was retained— either by the court-appointed trustee or by the home buyers—to provide closing and insurance services in connection with the probate sale of Howe's mother's home. ECF No. 52, PageID.1110. Howe contends that First American became a state actor by facilitating "a court-ordered probate sale, using fraudulent documents that violate state law," and invokes *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982), in support. ECF No. 54 at PageID.1169. That reliance is misplaced. In *Lugar*, the court ordered *ex parte* the seizure of property—an act of state compulsion directed at a specific individual. Here, the probate court authorized a sale; it did not order a seizure. And First American was independently retained to service that transaction, not directed by any court to act. The distinction is dispositive.

*Compulsion test.* Howe has alleged no facts showing that the probate court— or any other arm of the state—coerced or directed First American's conduct. ECF No. 52 at PageID.1109. His theory amounts to the assertion that First American "acted in concert with state actors . . . by accepting fraudulent documents, thereby participating in a scheme that violated [his] constitutional rights." ECF No. 34 at PageID.913. But passive acceptance of documents in the course of providing professional services, without more, does not establish that the state compelled First American to act. The compulsion test is therefore not satisfied.

*Nexus test.* Howe's allegations of a nexus between First American and the Genesee County Probate Court are wholly conclusory. ECF No. 52 at PageID.1111. He identifies no joint activity, no entwinement, and no delegation of a traditionally governmental function. Conclusory assertions of coordination are insufficient to transform private conduct into state action.

*Public function test.* Providing title insurance and closing services on a private real estate transaction is not a function traditionally reserved to the state. Howe points to no authority suggesting otherwise, and this Court is aware of none.

The court-appointed status of the trustee does not alter this analysis either. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (Holding that a court-appointed public defender—a state employee—does not act under color of state law when performing traditional attorney functions.). Courts have consistently applied that

principle in probate and estate contexts: court-appointed personal representatives, estate executors, and estate administrators are not state actors for § 1983 purposes simply by virtue of their appointment. *See Loyd v. Loyd*, 731 F.2d 393, 398 (7th Cir. 1984) (holding that court-appointed personal representatives act in a private capacity and not as functionaries of the state); *Patterson v. Rodgers*, 708 F. Supp. 2d 225, 238–39 (D. Conn. 2010) (holding that estate executors are not state actors for § 1983 purposes); *Howard v. Brown*, 738 F. Supp. 508, 509 (S.D. Ga. 1988) (holding that an attorney serving as estate administrator was not acting under color of state law merely by virtue of court appointment); *Capers v. Shakoor*, No. 08-12215, 2008 U.S. Dist. LEXIS 50480, at *2 (E.D. Mich. June 30, 2008) ("Although appointed by a court, personal representatives act in a private capacity and not as functionaries of the state." (citing *Loyd*, 731 F.2d at 398)). If the trustee's own court-appointed status is insufficient to render the trustee a state actor, it cannot supply that quality to a downstream private vendor the trustee–or the home buyers–independently hired. First American, who was retained to provide title insurance and closing services, stands even further removed from state action than the trustee itself.

Finally, Howe's alleged injury does not flow from any act of the probate court. It flows from what First American purportedly did—and failed to do—

in its independent capacity as a title insurer and closing agent. ECF No. 34, PageID.887 (asserting that First American "failed to perform due diligence by accepting a fraudulent Trust Certificate"). A court's authorization of an underlying transaction does not convert a private company's independent professional conduct into state action, regardless of how that conduct is later alleged to have been performed. Howe has not meaningfully connected the probate court's authorization of the sale with First American's independent title and closing operations. As a result, the R&R accurately finds that Howe's allegations are not attributable to the state. ECF No. 52, PageID.1111.

Because Howe has not alleged facts sufficient to establish that First American exercised powers traditionally reserved to the state, acted under state compulsion, or engaged in joint activity with any state actor, his § 1983 claim fails for lack of state action. This Court independently agrees with Judge Grand's analysis, will adopt the R&R on this issue, and will overrule Objection V. *See* ECF No. 52.

### 4. Objection VI – Civil Rule 12(b)(6) Standard

Howe also objects to the Magistrate Judge's application of the *Twombly-Iqbal* pleading standard. ECF No. 54 at PageID.1169. Howe's objection to the Magistrate Judge's application of the *Twombly-Iqbal* pleading standard will be overruled because it fails to identify any specific error in the analysis.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory allegations and formulaic recitations of the elements of a cause of action do not suffice. *Iqbal*, 556 U.S. at 678. While *pro se* pleadings are construed liberally, that leniency does not relieve a plaintiff of the obligation to state a plausible claim. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). *Pro se* litigants are afforded less stringent standards, but "are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). And as with any other objection, a party objecting to an R&R's application of a legal standard must identify the specific aspect of the analysis that was misapplied and explain how that error affected the outcome. *See Miller*, 50 F.3d at 380.

Howe does neither. He asserts in general terms that his complaint raises a reasonable expectation that discovery will reveal supporting evidence and does not rest on mere conclusory allegations. ECF No. 54 at PageID.1169. But he points to no specific allegations that the Magistrate Judge overlooked or mischaracterized, and he does not explain how any alleged error in the pleading-standard analysis affected the R&R's conclusion that his § 1983 claim fails for lack of state action. The *pro se* leniency argument fares no

better: Judge Grand was plainly aware of Howe's *pro se* status, and Howe identifies nothing in the R&R suggesting that his pleadings were held to an improperly demanding standard.

Because Howe has not identified any specific misapplication of the governing pleading standard—let alone one that would change the outcome—his objection amounts to nothing more than a general disagreement with the R&R's conclusions. That is insufficient. *Miller*, 50 F.3d at 380. Accordingly, Objection VI will be overruled.

### 5. Objection VII – Supplemental Jurisdiction over State Law Claims

Howe also contends that the Magistrate Judge erred in recommending dismissal of his state-law claims. ECF No. 54 at PageID.1170–71. That objection is unfounded. Howe's objection to the R&R's treatment of his state law claims will be overruled because it is premised on a misreading of the R&R.

An objection directed at a recommendation the magistrate judge did not make fails to identify an actual error in the R&R's analysis and must be dismissed as improper. *Miller*, 50 F.3d at 380; FED. R. CIV. P. 72(b)(3).

Howe contends that the Magistrate Judge erred in recommending dismissal of his state law claims. ECF No. 54 at PageID.1170–71. The R&R, however, makes no such recommendation. To the contrary, Judge Grand expressly concluded that First American's request to decline supplemental jurisdiction should be denied without

- 13 -

prejudice, leaving both the jurisdictional question and any substantive challenges to those claims for a later stage of the proceedings. ECF No. 52 at PageID.1117.

Because the R&R does not recommend dismissal of the state law claims, Howe's objection targets a ruling that was never made. It therefore identifies no error in the Magistrate Judge's analysis. Accordingly, Objection VII will be overruled.

### 6. Additional Objections – Failure to Acknowledge Testimony

Howe's objection that the Magistrate Judge failed to acknowledge his "testimony" at oral argument will be overruled because it identifies no cognizable error in the R&R's legal analysis.

Statements made by a party at oral argument are advocacy, not evidence, and a magistrate judge is not required to treat them as such. See FED. R. CIV. P. 56(c) (governing evidentiary standards at summary judgment, not on a motion to dismiss).

Howe argues that the Magistrate Judge failed to acknowledge his oral argument statements, which he characterizes as "testimony" that "establishes [his] victory through default and unrebuttable evidence." ECF No. 54 at PageID.1171. That characterization finds no support in law. Unsworn statements made at oral argument are not testimony and do not constitute

evidence that a magistrate judge is required to credit. Howe cites Civil Rule 56(c) and *United States v. Kis*, 658 F.2d 526, 530 (7th Cir. 1981), in support of his position, but neither authority helps him. Rule 56(c) governs evidentiary standards at the summary judgment stage, not on a motion to dismiss. And Kis—an out-of-circuit decision addressing IRS investigations—has no bearing on the weight to be accorded a party's oral argument statements in this proceeding.

Because Howe's characterization of his own oral argument as unrebuttable testimonial evidence is legally unfounded, and because he identifies no specific error in the R&R that his proposed "testimony" would cure, this objection fails. Accordingly, Objection VIII will be overruled.

## B. FIRST AMERICAN'S MOTION TO STRIKE, MOTION TO ENJOIN, AND REQUEST FOR SANCTIONS (ECF Nos. 57, 58)

This case has been marked by a persistent pattern of procedural noncompliance by Howe. The Court struck one of his filings *sua sponte* and warned him on three separate occasions that he must comply with the Federal Rules of Civil Procedure and the Local Rules of this District. See ECF No. 30, PageID.634–35 n.4 ("Howe is hereby cautioned that he must strictly adhere to all court rules in the future"); ECF No. 40, PageID.978 n.2 (cautioning Howe that he must file motions complying with the Federal Rules and Local Rules, including Local Rule 7.1(i), which directs that "motions must not be combined with any other stand-alone

document"); ECF No. 45, PageID.1040 ("Howe is cautioned that future filings that fail to comply with the federal and local court rules may be stricken") (emphasis in original).

The most recent violation giving rise to the pending motions involves filings attached to Howe's objections to the October R&R. ECF No. 54. Howe embedded within his objections a document styled as "Exhibit 1"—a memorandum in support of a motion for summary judgment under Federal Rules of Civil Procedure 8 and 56. ECF No. 54, PageID.1163; ECF No. 54-1. He simultaneously filed a declaration in support of that motion, ECF No. 54-2, and a proposed order granting summary judgment in his favor, ECF No. 54-3. Neither First American's motion to dismiss nor the October R&R implicated summary judgment; these filings marked the first time Howe sought relief under Rules 8 and 56. By embedding a dispositive motion within his objections, Howe combined multiple stand-alone documents in a single filing in direct contravention of Local Rule 7.1(i) and in defiance of the Court's prior warnings.

### 1. Motion to Strike

First American moves to strike Howe's objections, ECF No. 54, together with the three exhibits attached to them: ECF No. 54-1, a motion for summary judgment styled as an exhibit; ECF No. 54-2, a declaration

submitted in support of that motion; and ECF No. 54-3, a proposed order granting summary judgment in Howe's favor.

A court may strike a filing that violates the Federal Rules of Civil Procedure or applicable local rules. Fed. R. Civ. P. 12(f); E.D. Mich. LR 7.1(i). Local Rule 7.1(i) specifically prohibits combining a motion with any other stand-alone document. Where, however, the underlying objections have been overruled on the merits, a motion to strike those objections and their supporting exhibits is rendered moot.

Howe's embedded summary judgment motion, supporting declaration, and proposed order were improperly filed. By incorporating a dispositive motion into his objections—in direct contravention of Local Rule 7.1(i) and this Court's repeated warnings—Howe once again disregarded the rules governing practice in this District.

Because Howe's objections to the R&R have been overruled in their entirety, however, the exhibits were filed in support of objections that are no longer pending. Striking them would have no practical effect on the disposition of this case. Accordingly, First American's motion to strike will be denied as moot.

### 2. Motion to Enjoin and Request for Sanctions

First American moves to enjoin Howe from making any future filings without prior Court approval and to impose sanctions based on his repeated noncompliance.

A district court has inherent authority to impose filing restrictions on litigants who abuse the judicial process. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Rule 11 sanctions are likewise available against parties—including *pro se* plaintiffs—who submit repetitive, meritless, or procedurally improper filings. *See Hawthorne-Burdine v. Oakland Univ.*, Nos. 17-1201/1514/1630, 2018 WL 1100232, at *2 (6th Cir. Jan. 16, 2018); *In re Polyurethane Foam Antitrust Litig.*, Nos. 17-3361/3548, 2017 WL 8791098, at *3 (6th Cir. Dec. 14, 2017); *Horen v. Bd. of Educ. of City of Toledo Pub. Sch. Dist.*, No. 14-3849, 2016 WL 11599934, at *4 (6th Cir. Mar. 25, 2016). *Pro se* status does not excuse noncompliance with procedural rules, and the leniency afforded to pro se litigants "has limits," particularly with respect to "easily understood" instructions. *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 767 (6th Cir. 2019).

Howe has been warned repeatedly about his noncompliant filings. He disregarded those warnings by embedding a summary judgment motion within his objections, submitting an unnotarized declaration in support of that improper motion, and filing a self-drafted proposed order granting himself relief—all in a single submission in violation of Local Rule 7.1(i). This conduct reflects a pattern, not an isolated lapse.

- 18 -

Nevertheless, Howe's state law claims remain pending before this Court. Imposing a filing injunction or sanctions while those claims are still at issue would be premature; Howe retains the right to litigate those claims and restricting his access to the Court at this stage risks prejudicing his ability to do so.

Accordingly, First American's motion to enjoin and request for sanctions will be denied without prejudice. The Court nonetheless cautions Howe that his *pro se* status does not insulate him from the consequences of future noncompliance. **Future submissions that fail to conform to the Federal Rules of Civil Procedure or the Local Rules of this Court will be stricken and will result in the imposition of sanctions**.

### III. CONCLUSION

Accordingly, it is **ORDERED** that Howe's Objections, ECF No. 54, are **OVERRULED**.

Further, it is **ORDERED** that the Report and Recommendation, ECF No. 52, is **ADOPTED**.

Further, it is **ORDERED** that First American's Motion to Dismiss, ECF No. 31, is **GRANTED IN PART** to the extent that Howe's § 1983 claim is **DISMISSED**. First American's Motion to Dismiss, ECF No. 31, is **DENIED WITHOUT PREJUDICE IN PART** in all other respects.

Further, it is **ORDERED** that First American's Motion to Strike, Motion to Enjoin, and Request for Sanctions, ECF No. 57, are **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close the above-captioned case.**

/s/ *Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 9, 2026