UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WARREN HOWE,

        Plaintiff,

v.

FIRST AMERICAN TITLE
AGENCY,

        Defendant.

_____/

Case No. 2:25-cv-10213

Honorable Susan K. DeClercq
United States District Judge

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
### (ECF No. 65)

On March 9, 2026, this Court adopted Magistrate Judge David R. Grand's

Report and Recommendation (R&R), ECF No. 52, overruled *pro se* Plaintiff Thomas

Warren Howe's objections, ECF No. 54, and dismissed Howe's 42 U.S.C. § 1983

claim against Defendant First American Title Insurance Company ("First

American") because First American is not a state actor that can be liable under §

1983.  ECF No. 62.[1]

Less than two weeks later, Howe filed a motion asking this Court to reconsider

its order dismissing his § 1983 claim. ECF No. 65. In his motion, Howe argues that

---

[1] This Court entered a subsequent order correcting scrivener's error addressing only
Defendant's motion to strike Plaintiff's objections to the R&R, ECF No. 58. *See
generally* ECF No. 63

reconsideration is warranted because the dismissal order: (1) failed to recognize First American as a state actor under § 1983 through its conspiracy and joint action with state officials; (2) "entirely ignored [Howe's] § 1985(3) claims" for civil conspiracy; (3) and mischaracterized Howe's objections by inadequately conducting a *de novo* review of the record. *Id.* at PageID.1581–82, 1588. For the reasons discussed below, this Court will deny the Howe's motion for reconsideration.

## I. LEGAL STANDARD

Local Rule 7.1(h)(2) governs motions for reconsideration of a nonfinal order. It states:

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. MICH. LR 7.1(h)(2).

## II. DISCUSSION

Howe argues that this Court's decision involved "multiple palpable defects" that "misled the Court into prematurely dismissing the federal claims." ECF No. 65 at PageID.1581–82. He does not argue that an intervening change in controlling law

or new facts warrant a different outcome. *See generally* ECF No. 65. Thus, this Court construes his motion as only seeking relief under Local Rule 7.1(h)(2)(A)— mistake.[2]

To succeed under Local Rule 7.1(h)(2)(A), a movant must show "(1) that the court made a mistake, (2) that correcting the mistake changes the outcome of the prior decision, and (3) that the mistake was based on the record and law before the court at the time of its prior decision." *Hillman Power Co., LLC v. On-Site Equip. Maint., Inc.*, 582 F. Supp. 3d 511, 514 (E.D. Mich. 2022). "However, a motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). "[T]he purported mistake must be some substantive error in the court's legal analysis or factual findings based on the record at the time of the decision—it cannot be the outcome itself." *Good v. BioLife Plasma Servs., L.P.*, 647 F. Supp. 3d 555, 559–60 (E.D. Mich. 2022).

---

[2] Howe incorrectly cites Local Rule 7.1(h)(3) as the appropriate rule "to correct errors of law or fact that alter the outcome." ECF No. 65 at PageID.1581. Local Rule 7.1(h)(3) states "[n]o response to the motion and no oral argument are permitted unless the court orders otherwise." E.D. MICH. LR 7.1(h)(3).

Here, Howe contends this Court erred by dismissing his § 1983 claim because First American's "participation in the conspiracy with state actors" demonstrates "its status as a state actor under 42 U.S.C. § 1983 and § 1985." ECF No. 65 at PageID.1586.

Howe's complaint included a conspiracy claim, not under § 1983 or § 1985, but under 18 U.S.C. §§ 241, 242. ECF No. 1 at PageID.46–47. Those criminal statutes, nonetheless, do not provide a private cause of action. *See* 18 U.S.C. §§ 241, 242. Judge Grand alerted Howe about this deficiency in a telephonic status conference held on May 2, 2025. ECF 20 ("[T]he Court expressed concerns as to . . . whether Howe properly alleged that First American is a "state actor," whether certain of the federal statutes on which his claims rest provide a private right of action."). Plaintiff did not seek leave to amend the complaint and Judge Grand recommended dismissing Howe's conspiracy claim. ECF No. 21. Howe objected arguing that "these statutes . . . provide evidentiary support for the 42 U.S.C. § 1983 claim." ECF No. 22 at PageID.552-53. This Court considered and overruled Howe's objection and dismissed the conspiracy claim as the statutes do not contemplate a private cause of action. ECF No. 41. Subsequently, this Court reviewed the record *de novo* and dismissed Howe's § 1983 claim, holding that his allegations do not establish that First American qualifies as a state actor. ECF No. 62 at PageID.1563–67.

Because Howe's arguments were already considered and rejected, his motion is nothing more than an attempt to re-hash old arguments, which is an improper basis for reconsideration. *See Shah v. NXP Semiconductors USA, Inc.*, 507 Fed. App'x 483, 495 (6th Cir. 2012) (noting that "reconsideration motions cannot be used as 'an opportunity to re-argue a case'"). Accordingly, Howe has not shown that this Court made a mistake with respect to the § 1983 state-actor determination.

Likewise, Howe has not shown a mistake with respect to any § 1985 claim because he never raised § 1985 as a basis for any claim until his motion for reconsideration. *See Smith*, 298 F. Supp. 2d at 637. Howe contends this Court failed to construe his pleadings as raising a § 1985 conspiracy claim, but courts are not required to conjure unpleaded facts or alternative claims against defendants on behalf of a *pro se* plaintiff, particularly where the plaintiff has already expressly labeled the claims as based on one particular statute. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (affirming dismissal of a *pro se* plaintiff's claim under § 1981 by declining to construe the claim under the proper basis of § 1983); *see also Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017) (acknowledging that although *pro se* filings are entitled to liberal construction, courts will not ignore how a plaintiff "expressly framed the claim" and conjure another) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Indeed, a plaintiff's pleading must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("*Pro se* litigants cannot expect district courts to construct full blown claims from sentence fragments.")(cleaned up). At bottom, because liberal construction of *pro se* pleadings "pertains to legal and procedural technicalities" and "cannot extend to include facts and claims not alleged," this Court did not err by declining to address a claim Howe never pleaded. *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 854 (6th Cir. 2000). Accordingly, Howe has not demonstrated any mistake on this ground.

As for Howe's remaining arguments—that this Court mischaracterized his objections, failed to conduct a proper *de novo* review of the R&R, and applied an inappropriately high pleading standard—likewise do not establish an "obvious, clear, unmistakable, manifest, or plain" defect. *Olson v. Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004) (internal quotation marks and citation omitted).

Indeed, this Court explicitly stated that it adopted the R&R upon *de novo* review, *i.e.*, independently reviewing Howe's objections and the record. *See* ECF No. 62 at PageID.1559–60. Howe's arguments on these points amount to nothing more than disagreement with this Court's conclusions and outcome, which is not a proper basis for reconsideration. *See Smith*, 298 F. Supp. 2d at 637; *see also Good*, 647 F. Supp. 3d at 559–60. Accordingly, these arguments fail to satisfy the mistake standard under Local Rule 7.1(h)(2)(A).

In sum, Howe has not demonstrated that this Court made any mistake under Local Rule 7.1(h)(2)(A), that correcting any alleged mistake would change the outcome, or that any mistake was based on the record and law before the Court. *See* E.D. MICH. LR 7.1(h)(2)(A).

### III. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 65, is **DENIED**.

*/s/ Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 16, 2026